Page 1 of 5

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

**LUIS R. GONZALEZ-LAUZAN**,

    **Petitioner,**

vs.                                       **Case No.: 5:17cv158-MCR/CAS**

**UNITED STATES DEPARTMENT OF JUSTICE,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On June 14, 2017, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner checked the box on the habeas petition form indicating this petition concerns "immigration/removal." *Id.* at 2. Petitioner belatedly paid the filing fee for this case on June 19, 2017. ECF No. 3.

It appears from the initial petition that Petitioner was convicted of seven counts in the United States District Court for the Southern District of

Florida, Miami Division, case number 1:02cr20572. ECF No. 1 at 2.[1] His convictions[2] and sentence were affirmed by the Eleventh Circuit Court of Appeals in May 2006. ECF No. 272 of case # 1:02cr20572; United States v. Gonzalez-Lauzan, 437 F.3d 1128, 1129 (11th Cir. 2006). Petitioner filed a motion to vacate under 28 U.S.C. § 2255, ECF No. 274 of case number 1:02cr20572, which was denied on February 5, 2008. ECF No. 277 of case # 1:02cr20572.

Petitioner states that prior to that conviction, he was ordered by an Immigration Judge to be removed from the United States on July 8, 1999. ECF No. 1 at 3. That removal order was never carried out, likely because Petitioner is a native and citizen of Cuba, although he is also a lawful permanent resident of the United States. Id. at 8-10. Petitioner argues that had the removal "order been carried out, Petitioner would not be

---

[1] Petitioner identified the case number as 0:02cr20572-Cohn, but judicial notice is taken of the correct number as shown above. ECF No. 1 at 2. Petitioner also indicated that he was convicted of one criminal violation, but the judgment reveals he was found guilty of counts I, II, IV, V, VI, VII, and VIII and sentenced on May 7, 2004, to a concurrent total term of life imprisonment. ECF No. 254 of case 1:02cr20572.

[2] Petitioner was convicted "of premeditated murder of a federal informant and related counts of conspiracy and firearms offenses." United States v. Gonzalez-Lauzan, 437 F.3d 1128, 1129 (11th Cir. 2006). He was sentenced to two concurrent life sentences on counts II and V, 120 months concurrent on counts IV, VI, VII, and VII, and 60 months concurrent as to count I. ECF No. 254 of case # 1:02cr20572.

incarcerated and would be in Cuba." ECF No. 1 at 3. In his prayer for relief, Petitioner seeks his "immediate removal from the United States to Cuba[3] 'nunc pro tunc.'" ECF No. 1 at 7.

To grant Petitioner the relief he seeks would require this Court to first release him from his current imprisonment in the Bureau of Prisons. That relief has already been denied as noted above. United States v. Gonzalez-Lauzan, 437 F.3d 1128, 1129 (11th Cir. 2006), and ECF No. 277 of case # 1:02cr20572. Accordingly, this petition is, in effect, a successive petition which may be brought under 28 U.S.C. § 2241 only if Petitioner establishes that § 2255 is "inadequate or ineffective to test the legality of his detention." McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017) (explaining that "[s]ection 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the 'saving clause' at the end of that subsection"). Petitioner has not met the requirements of the savings clause and this petition should be dismissed as successive.

---

[3] United States Immigration and Customs Enforcement ("ICE") "does not effectuate removals to Cuba." Alvarez v. U.S. Immigration & Customs Enf't, 818 F.3d 1194, 1195 (11th Cir. 2016).

Case No. 5:17cv158-MCR/CAS

Moreover, 8 U.S.C. § 1252(g) strips this Court of jurisdiction to provide Petitioner the relief he seeks. The statute provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). The decision to have Petitioner serve a term of imprisonment rather then execute a removal order is not one that can be attacked in this Court. The Attorney General has discretion to execute a removal order or "abandon the endeavor," and that type of discrete act does not open the door to litigation in federal court. Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 483-84, 119 S. Ct. 936, 943-44, 142 L. Ed. 2d 940 (1999). Accordingly, Petitioner may not use this § 2241 petition to challenge the fact that he was not removed from the United States in 1999. This case should be dismissed.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the petition for writ of habeas corpus filed by Petitioner Luis R. Gonzalez-Lauzan pursuant to 28 U.S.C. § 2241 be **DISMISSED** for lack of subject matter jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on June 20, 2017.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.